IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY J. HALL, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION N0. 21-CV-4839 |
| | : | |
| FRANK SAMPSON, *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

**YOUNGE, J.**                                                                                                             **JUNE 8, 2022**

      Plaintiff Anthony J. Hall, a convicted prisoner incarcerated at the Federal Detention Center in Philadelphia, filed this civil action pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), based on allegations that he was illegally prosecuted, convicted and imprisoned on conspiracy and drug charges. (ECF No. 2.) ("Compl.") For the following reasons, the Court will dismiss the Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1).

**I.**       **FACTUAL ALLEGATIONS**[1]

      Hall's claims arise from criminal proceedings presided over by the Honorable Wendy Beetlestone and the criminal investigation that resulted in those proceedings. *United States v. Gordon*, Crim. A. No. 15-0496-9 (E.D. Pa.). On August 17, 2016, Hall was charged with one count of conspiracy to distribute phencyclidine ("PCP") and one count of possession with intent to distribute PCP. The charges were included in the Second Superseding Indictment in the multi-

---

[1] The following facts are taken from the Complaint, exhibits to the Complaint, and public records, which the Court may consider in evaluating Hall's claims. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

defendant case. *Id.* (ECF No. 94.) Thereafter, a bench warrant issued for Hall's arrest; Hall was detained at SCI-Graterford at the time. *Id.* (ECF No 105.) On September 14, 2016, Hall appeared at a hearing before a Magistrate Judge at which he pled not guilty and stipulated to pretrial detention. *Id.* (ECF No. 159.) Following a 22-day jury trial before the Honorable Wendy Beetlestone, on December 19, 2018, the jury returned no verdict on the charges against Hall. *Id.* (ECF No. 780.)

On August 6, 2019, Hall was charged with 4 counts of possession with intent to distribute PCP and one count of conspiracy to distribute PCP. *Id.* (ECF No. 866 at 2-3, 60-63.) The charges were included in the Third Superseding Indictment in the same multi-defendant case. Following a six-day jury trial before the Honorable Wendy Beetlestone, on October 13, 2019, the jury returned a verdict of guilty against Hall on two counts of possession with intent to distribute PCP and one count of conspiracy to distribute PCP. (ECF No. 943.) Hall was found not guilty on the remaining two counts of possession with intent to distribute. (*Id.*) A sentencing hearing is currently scheduled for July 19, 2022. *Id.* (ECF No. 1135.)

Hall's Complaint names the following Defendants: (1) Drug Enforcement Agency ("DEA") Special Agent Frank Sampson; (2) DEA Task Force Officer Efrain Torres; (3) Assistant United States Attorney ("AUSA") Sozi Pedro Tulante; (4) AUSA Mary Teresa Soltis; (5) DEA Task Force Officer Kyle Boyd; (6) DEA Group Supervisor Raymond Franklin; (7) AUSA Anthony J. Wzorek; and (8) Judge Beetlestone. The Defendants are sued in their individual and official capacities. (Compl. at 4.) The gist of Hall's claims is that the investigation resulting in the charges against him was riddled with error, and that the decision to try him a second time following his acquittal on similar charges was the result of vindictive prosecution.

Hall includes lengthy, detailed allegations regarding the investigation and prosecution of the charges against him. In short, Hall claims that the DEA, its agents, its task force officers, and the AUSAs assigned to his criminal case "conducted a constitutionally inadequate investigation . . . planted evidence, falsified documents, committed perjury, to falsely arrest, indict and convict the Plaintiff." (*Id.* at 41.) He alleges that the "evidence against Plaintiff is exclusively recorded telephone conversation captured over the Title III wiretap, which the Government believes the Plaintiff was a participant. The Government has not to date produced no evidence, visual or physical, that the Plaintiff sold or purchase PCP. The Plaintiff is facing a mandatory ten (10) years to life imprisonment." (*Id.* at 33-34.)

Hall asserts the following claims pursuant to 42 U.S.C. §1983 – violations of his Fourth, Fifth, Eighth and Fourteenth amendment rights, and violations of 42 U.S.C. § 1985 and various criminal statutes.[2] He raises the following claims under *Bivens* – illegal seizure, and due process and equal protection violations. (*Id.* at 3, 34.) He seeks an award of compensatory and punitive

---

[2] Hall asserts claims under 18 U.S.C. §§ 241 and 242. These sections establish criminal liability for certain deprivations of civil rights and conspiracy to deprive civil rights. *Molina v. City of Lancaster*, 159 F. Supp. 2d 813, 818 (E.D. Pa. 2001); *Figueroa v. Clark*, 810 F. Supp. 613, 615 (E.D. Pa. 1992); *see United States v. Philadelphia*, 644 F.2d 187 (3d Cir. 1980) (declining to create civil remedy under 18 U.S.C. §§ 241 and 242). However, a plaintiff cannot bring criminal charges against defendants through a private lawsuit, and these sections do not give rise to a civil cause of action. *U.S. ex rel. Savage v. Arnold*, 403 F. Supp. 172, 174 (E.D. Pa. 1975). Hall also cites 18 U.S.C. § 71, which relates to theft from interstate shipments. The Court assumes that he intended to cite 18 U.S.C. § 371, relating to conspiracy, which also does not provide for a private right of action. *See Walthour v. Herron*, No. 10-1495, 2010 WL 1877704 at *3 (E.D. Pa. May 6, 2010) (no private right of action exists under 18 U.S.C. §§ 241, 242, 245, 247, 371 or 1951); *Jones v. Lockett*, No. 08-16, 2009 WL 2232812 at *8 (W.D. Pa. July 23, 2009) ("It is clear that the criminal statutes invoked by Plaintiff, i.e., 18 U.S.C. §§ 241, 371 and 1341 do not provide for a private cause of action.") Hall also cites 18 U.S.C. § 1519 relating to destroying, altering or falsifying documents in a federal investigation, and 18 U.S.C. § 1623 relating to perjury, which also do not provide a private right of action. *Antonelli v. Kennedy Hosp.*, No. 17-13780, 2018 WL 443455, at *2 (D.N.J. Jan. 16, 2018) (no private right of action under 18 U.S.C. 1519).

damages. (*Id.* at 41.) He also requests that his conviction be overturned, that a new Judge be appointed to his case, and that he be granted a new trial on the charges included in the Second Intervening Indictment only. (*Id.* at 36-37.)

## II.     STANDARD OF REVIEW

Although Hall has paid the filing fee in full, the Court has the authority to screen his Complaint pursuant to 28 U.S.C. § 1915A. *See Shane v. Fauver*, 213 F.3d 113, 116 n.2 (3d Cir. 2000) (recognizing that the district courts have the authority to screen a prisoner complaint pursuant to § 1915A(b)(1) even if the prisoner is not proceeding *in forma pauperis*). Section 1915A requires that the Court "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In doing so, the Court must dismiss a complaint or any portion thereof that "is frivolous, malicious, or fails to state a claim upon which relief may be granted," *id.* § 1915A(b)(1), or that "seeks monetary relief from a defendant who is immune from such relief," *id.* § 1915A(b)(2).

Whether a complaint fails to state a claim under § 1915A(b)(1) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Neal v. Pa. Bd. of Prob. & Parole*, No. 96-7923, 1997 WL 338838, at *1 (E.D. Pa. June 19, 1997); *see also Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Accordingly, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to

state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As Hall is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F. 4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013

## III.  DISCUSSION

Hall brings constitutional claims against federal actors pursuant to 42 U.S.C. §1983 and *Bivens*. However, because §1983 does not apply to federal actors, the Court will construe all of Hall's claims as having been raised pursuant to *Bivens*. *Bivens* provides a judicially recognized remedy for constitutional violations committed by federal actors in limited circumstances.[3] Since *Bivens* was decided in 1971, the Supreme Court "has repeatedly refused to extend *Bivens* actions beyond the specific clauses of the specific amendments [of the Constitution] for which a cause of action has already been implied, or even to other classes of defendants facing liability under those same clauses." *Vanderklok v. United States*, 868 F.3d

---

[3] Although *Bivens* provides a remedy against federal actors, "[a]n action against government officials in their official capacities constitutes an action against the United States; and *Bivens* claims against the United States are barred by sovereign immunity, absent an explicit waiver." *Lewal v. Ali*, 289 F. App'x 515, 516 (3d Cir. 2008) (*per curiam*); *see also F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *Ynfante v. United States*, Civ. A. No. 13-767, 2015 WL 631055, at *5 (M.D. Pa. Feb. 12, 2015) ("[A] *Bivens* claim can only be asserted against individual officials."). Accordingly, the constitutional claims against the Defendants in their official capacities are in essence claims against the United States that must be dismissed on sovereign immunity grounds. *See Brooks v. Bledsoe*, 682 F. App'x 164, 169 (3d Cir. 2017) (*per curiam*) ("To the extent that Brooks is suing the BOP employees in their official capacities, his claim fails as actions against prison officials in their official capacities are considered actions against the United States, and *Bivens* claims against the United States are barred by sovereign immunity, absent an explicit waiver."); *Bell v. Rossott*, 227 F. Supp. 2d 315, 320 (M.D. Pa. 2002) (dismissing claim against individual federal defendants sued in their official capacity because the claims are essentially made against the United States).

189, 200 (3d Cir. 2017).  The Supreme Court has recognized an implied private action against federal officials in only four cases:  (1) *Bivens* itself, which recognized an implied cause of action for violation of the Fourth Amendment's right against unreasonable searches and seizures; (2) *Davis v. Passman*, 442 U.S. 228 (1979), which recognized a claim for gender discrimination in the employment context under the Fifth Amendment's Due Process Clause; (3) *Carlson v. Green*, 446 U.S. 14 (1980), which recognized a claim against prison officials for inadequate medical care in the prison context under the Eighth Amendment; and (4) *Farmer v. Brennan*, 511 U.S. 825 (1994), which concerned a claim under the Eighth Amendment against prison officials for failure to protect a prisoner from violence by another prisoner.  *Shorter*, 12 F.4th at 371-373 ("*Farmer* made clear[] . . . that an Eighth Amendment *Bivens* remedy is available to a transgender prisoner who has been assaulted by a fellow inmate.").

Because expanding *Bivens* is "a 'disfavored' judicial activity," *see Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017), a "rigorous inquiry . . . must be undertaken before implying a *Bivens* cause of action in a new context or against a new category of defendants." *Vanderklok*, 868 F.3d at 200.  That inquiry involves determining whether the case presents a new context for a *Bivens* claim that has not been recognized by the Supreme Court and, if so, asking whether "special factors counsel hesitation in expanding *Bivens*."  *Mack v. Yost*, 968 F.3d 311, 320 (3d Cir. 2020); *see also Abbasi*, 137 S. Ct. at 1857-58.

Here, Hall alleges that his conviction and incarceration are the result of a constitutionally deficient investigation and irregularities in his prosecution.  Hall's claims concerning his arrest, detention and criminal prosecution are best construed as claims for malicious prosecution, as he was detained pursuant to a warrant.  *See Johnson v. United States*, No. 20-3256, 2021 WL 1626522, at *2 (3d Cir. Apr. 27, 2021) (*per curiam*) ("[T]he Magistrate Judge correctly

concluded that because Johnson was arrested pursuant to a warrant, his claims for false arrest and false imprisonment were, in essence, malicious prosecution claims."). Thus, based on the allegations therein, the Court construes Hall's Complaint as presenting claims for malicious prosecution, as well as claims that the Defendants conspired to secure his unlawful conviction by, among other things, fabricating evidence against him.[4] Whether or not these claims present viable *Bivens* claims is immaterial at present, because the claims may not proceed at this time.

The Supreme Court has held that "to recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck*, 512 U.S. at 486-87 (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A]

---

[4] The Court notes that "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution," although § 2241 may be used when the remedy provided by § 2255 is "inadequate or ineffective." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002). In other words, a § 2255 motion is the proper way to challenge a federal conviction, rather than a *Bivens* action. *See Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003) ("Okoro adhered steadfastly to his position that there were no drugs, that he was framed; in so arguing he was making a collateral attack on his conviction, and *Heck* holds that he may not do that in a civil suit, other than a suit under the habeas corpus statute or its federal-defendant equivalent, 28 U.S.C. § 2255."); *Beverly v. Reno*, 23 F.3d 158, 159 (7th Cir. 1994) (federal prisoner cannot circumvent § 2255 "by bringing an independent civil action"); *see generally Abbasi*, 137 S. Ct. at 1863 ("[W]hen alternative methods of relief are available, a *Bivens* remedy usually is not."). The Court will not construe Hall's Complaint as such a motion because the sentencing Judge is in a better position to determine the validity of any challenges to his conviction. Furthermore, this Court does not possess the authority to revoke or alter an order issued by a federal judge in another federal proceeding. *See Smith v. Meyers*, 843 F. Supp. 2d 499, 505 (D. Del. 2012) ("The structure of the federal courts does not allow one judge of a district court to rule directly on the legality of another district judge's judicial acts or to deny another district judge his or her lawful jurisdiction.").

state prisoner's § 1983 action is barred (absent prior invalidation) — no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)); *Vanderklok*, 868 F.3d at 199 (the Supreme Court has only recognized a *Bivens* remedy in a handful of contexts and "has plainly counseled against creating new *Bivens* causes of action").
"Although *Heck* involved a § 1983 action by a state prisoner, the reasoning in *Heck* has been applied to bar *Bivens* claims." *Lora-Pena v. F.B.I.*, 529 F.3d 503, 506 n.2 (3d Cir. 2008).

The favorable termination doctrine applies to malicious prosecution claims, as well as claims based on alleged fabrication of evidence. *Floyd v. Attorney Gen. of Pennsylvania*, 722 F. App'x 112, 114 (3d Cir. 2018) (*per curiam*) ("Because Floyd's malicious prosecution and fabrication of evidence claims do not accrue until the criminal proceedings have terminated in Floyd's favor, and Floyd has not demonstrated as much, they are barred by *Heck*."). Additionally, *Heck* has been applied to preclude claims under § 1985. *Zhai v. Cedar Grove Municipality*, 183 F. App'x 253, 255 (3d Cir. 2006) (*per curiam*) (civil rights claims under §§ 1985 and 1986 were barred by *Heck*).

Here, success on Hall's claims would necessarily undermine the validity of his intact conviction because his Complaint challenges the constitutionality of his prosecution, conviction and related imprisonment. Accordingly, his claims for damages are barred by *Heck*. *See Garrett v. United States*, 771 F. App'x 139, 141 (3d Cir. 2019) (*per curiam*) ("Here, because Garrett's claims directly challenged the validity of his federal conviction and sentence—which have not been invalidated—his complaint sought the sort of relief that is plainly barred by *Heck*." (internal quotations omitted)); *Murphy v. Bloom*, 443 F. App'x 668, 669 (3d Cir. 2011) (*per curiam*)

(holding that *Heck* barred *Bivens* claims where plaintiff "alleged that the defendants conspired to alter his trial transcript and to include a false declaration in his sentencing memorandum"); *Stuler v. United States*, 301 F. App'x 104, 106 (3d Cir. 2008) (*per curiam*) (*Heck* applied in *Bivens* action in which the bulk of plaintiff's complaint was "little more than a thinly veiled attempt to attack his criminal conviction . . . under the guise of a civil action"). Accordingly, Hall's claims will be dismissed without prejudice to Hall filing a new case only in the event his conviction is first invalidated, whether on appeal or otherwise.[5]

---

[5] There are other reasons why Hall's claims fail. Notably, judges are entitled to absolute immunity from liability based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). Similarly, prosecutors are entitled to absolute immunity from liability for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *see also See Van de Kamp v. Goldstein*, 555 U.S. 335, 348-49 (2009). However, the Court need not address these or other defects in Hall's Complaint as alternative reasons for dismissal. Moreover, to the extent the Complaint could be construed as raising claims based on the DEA's investigation consideration of which would not be barred by *Heck*, it is apparent from the face of the Complaint that those claims are time-barred because Hall knew or should have known of those violations more than two years before he filed the Complaint in the instant action.

## IV.     CONCLUSION

For the foregoing reasons, the Court will dismiss Hall's Complaint as legally baseless, pursuant to 28 U.S.C. § 1915A(b)(1).  Although leave to amend would be futile, the Court will dismiss Hall's challenges to his conviction without prejudice to him filing a § 2255 motion in his criminal case, and will dismiss his remaining claims without prejudice to reassertion in a new civil action only in the event his conviction is reversed, vacated, or otherwise invalidated.  *See Curry v. Yachera*, 835 F.3d 373, 379 (3d Cir. 2016).  An appropriate Order follows, which shall be docketed separately.

**BY THE COURT:**

*/s/ John Milton Younge*
**JOHN M. YOUNGE, J.**